**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norma O McCauley, | No. CV-18-04116-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Fry's Marketplace, Joe Harriss, Unknown Party, and Unknown Party, | |
| Defendants. | |

The Court previously granted Plaintiff Norma O. McCauley's Application for Leave to Proceed In Forma Pauperis (Doc. 2), but upon screening the Complaint (Doc. 1), the Court dismissed it because it was illegible and therefore did not state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000), and because it did not establish a basis for subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). (Doc. 7.) Plaintiff was granted leave to amend the complaint by January 22, 2019.

On Friday, January 18, 2019, Plaintiff timely filed her First Amended Complaint. (Doc. 8.) Then, on Wednesday, January 23, 2019, before the Court screened the First Amended Complaint, Plaintiff filed a Second Amended Complaint. (Doc. 9.) This was procedurally improper. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading *once* as a matter of course" within certain parameters, and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." (emphasis added). Thus, Plaintiff should have sought

1  the Court's leave before filing her Second Amended Complaint.  Moreover, the Local

2  Rules contain additional procedural requirements that were not met here.  *See* LRCiv 15.1.

3  Nevertheless, the Court will grant leave to file the Second Amended Complaint, such that

4  the Second Amended Complaint is now the operative complaint in this action.  Plaintiff is

5  ordered to follow the Federal and Local Rules in the future, including seeking leave from

6  the Court (or written consent from all Defendants) before filing any additional amended

7  complaints.

8  The Court has screened the Second Amended Complaint, *see* 28 U.S.C. §

9  1915(e)(2), and has determined that it establishes subject matter jurisdiction.  Therefore, it

10  may be served.[1]  Because Plaintiff proceeds in forma pauperis,

11  **IT IS ORDERED** that service by waiver or service of the summons and Second

12  Amended Complaint shall be at government expense on the Defendants by the U.S.

13  Marshal or his authorized representative.  The Court directs the following:

14  (1)    The Clerk of Court must send Plaintiff a service packet including the Second

15  Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms

16  for the Defendants.

17  (2)    Plaintiff must complete and return the service packet to the Clerk of Court within

18  30 days of the date of filing of this Order.  The United States Marshal will not provide

19  service of process if Plaintiff fails to comply with this Order.

20  (3)    If Plaintiff does not either obtain a waiver of service of the summons or complete

21  service of the Summons and Complaint on Defendants within 90 days of the filing of the

22  Second Amended Complaint, the action will be dismissed.  Fed. R. Civ. P. 4(m).

23  ///

   ///

24  ///

---

25  [1]    The Court notes that Plaintiff included in her Second Amended Complaint a

26  certificate of service, personally certifying that she mailed the same to Defendant Fry's
   Marketplace via certified mail at a Phoenix address.  This is not a proper means of service

27  and does not satisfy the service requirements established by the Federal Rules of Civil
   Procedure.  Service of the summons and complaint must be effected by a "person who is

28  at least 18 years old and *not a party*," Fed. R. Civ. P. 4(c)(2) (emphasis added), and must
   adhere to applicable procedural requirements.  *E.g.*, Fed. R. Civ. P. 4(h) (serving a
   corporation).

1    (4)    **A Defendant who agrees to waive service of the Summons and Complaint must**

2 **return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3        Dated this 24th day of January, 2019.

4

5

6                                             Dominic W. Lanza

7                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28