**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norma O. McCauley, | No. CV-18-04116-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Fry's Marketplace, Joe Harriss, Unknown Party, and Unknown Party, | |
| Defendants. | |

Pending before the Court is pro se Plaintiff Norma O. McCauley's Motion (Doc. 15), in which she asserts that Kroger is a defendant in this action and requests a service packet for Kroger.

The Second Amended Complaint ("SAC") (Doc. 9)[1] named four Defendants: three individual persons and one corporate entity, named by Plaintiff as "Fry's Marketplace/Kroger also known as Smith's Food & Drug Centers, Inc." (Doc. 9 at 1.) However, on the next page of the SAC, Plaintiff listed "Fry's Marketplace/Kroger" as "Defendant No. 1" and then listed the phrase "Also known as Smith's Food & Drug Center, Ince [sic]" as "Defendant No. 2." (*Id.* at 2.) At any rate, Plaintiff's SAC seems to equate Fry's Marketplace and Kroger as one entity, and despite the separate listing of Smith's Food & Drug as "Defendant No. 2," the phrase "also known as" indicates that the SAC asserts that all three of these corporations are one entity. To the extent that Plaintiff asserts that Kroger is a distinct entity and a separate defendant upon which service must be

---
[1] Plaintiff did not seek leave to amend the complaint, but the Court overlooked the improper filing and allowed Plaintiff to serve the Second Amended Complaint. (Doc. 12.)

effected, she must seek leave to amend her SAC to name Kroger as a separate defendant in this action.

The Court will construe this Motion as a motion for leave to amend and will deny it because the proposed amendment is futile. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment . . . constitutes an exercise in futility . . . . The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

The Court takes judicial notice of the fact that Fry's Food & Drug Stores, Inc., which also operates under the banner of Fry's Marketplace, is a subsidiary of The Kroger Company ("Kroger")—Smith's Food & Drug Centers, Inc. being a separate subsidiary of Kroger. *See* Fed. R. Evid. 201. Thus, Fry's Marketplace, Kroger, and Smith's Food & Drug Centers are separate corporate entities. All of the allegations in the complaint involve interactions between Plaintiff and her former supervisors while she worked at the Fry's Marketplace at 1815 W. Glendale in Phoenix, Arizona. (Doc. 9 at 3, 5-7.)

"An entity may be liable for another entity's discriminatory employment practices when (1) the entities can be considered a single employer or integrated enterprise, (2) the entities can be considered joint employers, or (3) the discriminating entity is the agent of the other entity." *Stock v. NV Energy, Inc.*, 670 F. App'x 596, 597 (9th Cir. 2016) (internal quotation marks omitted). However, the SAC does not include facts implicating any of these factors, and in her Motion, Plaintiff "does not point to any evidence establishing these factors." *Id.* She rests her argument that Kroger is a proper Defendant on the assertion that "Kroger for over ten years put Kroger [sic] name on the Plaintiff's pay check with all W-2's." (Doc. 15 at 1.) But "a parent corporation is not liable as an employer for the acts of a subsidiary where it exercised 'no more control . . . than that typically exercised by the parent corporation in a parent/subsidiary corporate relationship.'" *Stock*, 670 F. App'x at 597 (quoting *Allen v. Pac. Bell*, 212 F. Supp. 2d 1180, 1200 (C.D. Cal. 2002), *aff'd in part,* 348 F.3d 1113 (9th Cir. 2003)).

Because the SAC does not allege facts that enable Kroger to be held liable for the

| | |
|---|---|
| 1 | harm alleged, nor has Plaintiff proposed any such facts in her Motion, Plaintiff shall not be |
| 2 | permitted to amend the SAC to name Kroger as a defendant in this action.  Moreover, |
| 3 | because the caption reflects that only one corporate defendant is named—but this sole |
| 4 | corporate defendant is currently identified by a confusing misnomer—the Court will order |
| 5 | that the Clerk of Court amend the caption to clarify the parties to this action. *See Paatalo* |
| 6 | *v. First Am. Title Co. of Montana*, 2014 WL 858999, *2 (D. Mont. 2014) ("This Court has |
| 7 | recognized that there is a difference between correcting a misnomer and changing a party |
| 8 | and has found that a mere misnomer may be corrected under the amendment power |
| 9 | expressed in Rule 15." (internal quotation marks omitted)). |
| 10 | Accordingly, |
| 11 | **IT IS ORDERED** that Plaintiff's Motion (Doc. 15) is construed as a motion for |
| 12 | leave to amend the Second Amended Complaint to add Kroger as a defendant. |
| 13 | **IT IS FURTHER ORDERED** that Plaintiff's Motion (Doc. 15) is denied. |
| 14 | **IT IS FURTHER ORDERED** that, for the sake of clarity, the Clerk of Court shall |
| 15 | amend the caption in this action to reflect that the only corporate Defendant is "Fry's Food |
| 16 | & Drug Stores, Inc., d/b/a Fry's Marketplace." |
| 17 | Dated this 9th day of April, 2019. |

_____
Dominic W. Lanza
United States District Judge